| | |
|---|---|
| From: | Steve Bracciale <sbracciale@nationalsourcing.com> |
| Sent: | Wednesday, October 22, 2014 8:52 AM |
| To: | 'moorhouser@gtlaw.com' |
| Subject: | RE: High Importance / Return of Files and Matter Close-Out |

**EXHIBIT G**

Thx Dick

---

**From:** moorhouser@gtlaw.com [mailto:moorhouser@gtlaw.com]
**Sent:** Tuesday, October 21, 2014 5:56 PM
**To:** sbracciale@nationalsourcing.com
**Subject:** RE: High Importance / Return of Files and Matter Close-Out

Dear Steve:

In response to your e-mail letter of yesterday requesting the return of the files regarding John Stanton's security clearance issues, I can advise that the process is underway, and you will receive the files as soon as possible from the staff of our National Records Information Management Department.  In closing out c/m # 095848/010300, the record shows that Mr. Stanton's application for a security clearance was denied under Guideline F in a Statement of Reasons ("SOR") dated November 22, 2010  ( ISCR Case No. 09-05736).  On December 17, 2010, you advised Greenberg Traurig to take no further action with respect to the filing of a response to the SOR before the Defense Office of Hearings and Appeals (DOHA) or other  action.

Although we have not been engaged further in the matter since then,  you are correct in your observation that  the loss of or failure to obtain a security clearance by a key management person of a company that has been awarded U.S. government contracts subject to security clearance requirements of the National Industrial Security Program Operating Manual ("NISPOM") and other applicable policies regarding the handling of classified information may well have a materially adverse impact on the company's business.  Without undertaking appropriate mitigation measures satisfactory to DSS, the company will be unable to obtain new contracts subject to security requirements since all key management personnel must be cleared to the level of the company's facility security clearance, and existing contracts will be terminated for the same reason.

While we were not retained to analyze issues regarding the company's eligibility for SDVOSB status, as you further reference in your letter, as a general rule  if the VA's CVE does not verify a company's eligibility for SDVOSB status, the company cannot participate in procurements subject to an SDVOSB set aside whether those procurements are conducted by the VA or by other federal agencies which rely upon an offeror's self-certification of socio-economic status.   We will be pleased to look at those issues in greater detail if you wish.

Please let me know if I can be of further assistance.

Sincerely,
/s/

Richard Moorhouse
Greenberg Traurig, LLP
Shareholder
Government Contracts and Programs Group
Northern Virginia Office
1750 Tysons Boulevard

Suite 1200
McLean, VA 22102
moorhouser@gtlaw.com
703.749.1304

**From:** Steve Bracciale [mailto:sbracciale@nationalsourcing.com]
**Sent:** Monday, October 20, 2014 2:46 PM
**To:** Moorhouse, Richard (Shld-NVA-GvtCntr)
**Subject:** High Importance

Dick,

Addressing the requested "bullets" is real important. Stanton fraudulently certified NSI as a SDVOSB consequently it is most appreciated that you state what would or could have happened if he stayed a part of NSI given his fraudulent certifications.  If you could email the requested to my attention by COB tomorrow it would be greatly appreciated.

Cordially,

**Steve Bracciale**

National Sourcing, Inc.
A Service Disabled Veteran Owned Small Business
8402 Laurel Fair Cir. Ste 207
Tampa, FL. 33610
Phone:  813.621.8065 ext 231
Fax:     813.621.8273
Email:   sbracciale@nationalsourcing.com

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate such information.