UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONAL SOURCING, INC. and
PEDRO L. VALDEZ,

    Plaintiffs,

v.                                                  Case No: 8:17-cv-1950-T-36JSS

STEPHEN R. BRACCIALE, ANGELUS
TAM, TEK SOURCE USA, INC. and
SAINT ANTON CAPITAL, LLC,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on Defendants' Motion to Seal Exhibit E to Defendants' Response in Opposition to Verified Motion by Plaintiff, National Sourcing, Inc., to Disqualify Counsel for Defendants, Greenberg Traurig, LLP ("Motion"). (Dkt. 31.) Plaintiffs have not filed a response to the Motion, and their time for doing so has elapsed. *See* M.D. Fla. Local R. 3.01(b). For the reasons that follow, the Motion is granted.

In the Motion, Defendants seek to seal an exhibit (Dkt. 28, Ex. E), they attach to their response opposing the Verified Motion to Disqualify Counsel for Defendants, Greenberg Traurig, LLP ("Disqualification Motion"), filed by Plaintiff National Sourcing, Inc. ("NSI") (Dkt. 25). In the Disqualification Motion, NSI contends that Defendants' counsel, attorneys at the law firm of Greenberg Traurig, should be disqualified from representing Defendants in this action because Greenberg Traurig has represented NSI "over a course of years generally, and specifically in connection with the Promissory Note, Security Agreement, Stock Pledge, and Shareholder Agreement at issue" in this case. (*Id.* ¶ 2.) To rebut NSI's argument, Defendants contend that Greenberg Traurig was retained by Defendants Stephen Bracciale and Angelus Tam beginning in

2010 and attach a June 2010 memorandum written by former Greenberg Traurig attorney William Dunker to demonstrate the scope of Greenberg Traurig's representation of Mr. Bracciale and Ms. Tam. (Dkt. 28 ¶¶ 5–11; Dkt. 31 ¶ 3; Dkt. 28, Ex. E.) This memorandum, Defendants argue, "will help the Court understand what the Defendants and [Greenberg Traurig] believed was necessary to assist defendants with their legal concerns," and should be sealed because it constitutes information protected by the work product doctrine and attorney client privilege. (Dkt. 31.) Defendants ask for the memorandum to be sealed until final resolution of NSI's Disqualification Motion and to be expunged from the record thereafter. (*Id.*)

Under Local Rule 1.09, a party seeking to file any paper or other matter under seal must: (1) identify and describe each item proposed for sealing; (2) state the reason that filing each item is necessary; (3) state the reason that sealing each item is necessary; (4) state the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (5) state the proposed duration of the seal; and (6) provide a memorandum of legal authority supporting the seal. M.D. Fla. Local R. 1.09(a). No order sealing any item shall extend beyond one year, but a seal may be renewed upon filing a proper motion. *Id.* at 1.09(c).

Because "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal citations omitted). However, "[t]his right of access is not absolute" and "may be overcome by a showing of good cause," taking into consideration the public interest in accessing court documents and the party's interest in keeping the information confidential. *Id.* at 1245–46. "A party's privacy or proprietary

interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* at 1246. Courts consider the following factors in balancing the public's interest against a movant's interest:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.*

Upon consideration, the Court finds that Defendants have met the requirements of Local Rule 1.09 and have shown good cause as to why the exhibit containing an attorney's memorandum (Dkt. 28, Ex. E), should be filed under seal. Specifically, the exhibit is described in the Motion, Defendants have adequately explained the reason for filing it under seal, and the exhibit will aid the Court's determination of the pending Disqualification Motion. After an *in camera* review of the exhibit, the memorandum does not involve public officials or public concerns. Further, because the memorandum discusses and memorializes information Mr. Dunker learned through conferences with Mr. Bracciale and Ms. Tam, the Court concludes that the memorandum warrants protection from public dissemination. *See Swidler & Berlin v. United States*, 524 U.S. 399, 401 (1998) (holding that an attorney's "notes of an initial interview with a client . . . are protected by the attorney-client privilege").

Therefore, the public's interest in having access to this exhibit is outweighed by Mr. Bracciale's and Ms. Tam's interest in keeping it confidential. *See Souffrant v. Toyota Motor Sales, U.S.A., Inc.*, No. 17-23357-CIV, 2017 WL 5494988, at *4–5 (S.D. Fla. Nov. 16, 2017) (sealing an exhibit to the complaint containing attorney-client privileged communications and confidential work product because the exhibit "reflect[s] advice from [ ] lawyers" and there was no compelling interest in public access to the documents in the exhibit); *Valdes v. Miami-Dade Cty.*, No. 12-

22426-CIV, 2015 WL 789712, at *2, n.2 (S.D. Fla. Feb. 24, 2015) (sealing letters signed by clients acknowledging representation and conflicts that were reviewed by the court during the course of a hearing on a motion to disqualify counsel); *U.S. ex rel. Baklid-Kunz v. Halifax Hosp. Med. Ctr.*, No. 6:09-CV-1002-ORL-31, 2013 WL 1233699, at *2 (M.D. Fla. Mar. 27, 2013) (sealing excerpts of deposition testimony containing attorney-client privileged information, reasoning that the party's interest in preserving the attorney-client privilege and the court's interest in evaluating the depositions to determine whether portions should be stricken "outweigh the public's right of access and establish good cause"). Accordingly, it is

**ORDERED**:

1. Defendants' Motion to Seal Exhibit E to Defendants' Response in Opposition to Verified Motion by Plaintiff, National Sourcing, Inc., to Disqualify Counsel for Defendants, Greenberg Traurig, LLP (Dkt. 31) is **GRANTED**.

2. Defendants are directed to submit to the Clerk, and the Clerk is directed to accept under seal, Exhibit E to Defendants' Response in Opposition to Verified Motion by Plaintiff, National Sourcing, Inc., to Disqualify Counsel for Defendants, Greenberg Traurig, LLP.

3. Exhibit E shall remain under seal for a period not to exceed one (1) year. *See* M.D. Fla. Local R. 1.09(c).

**DONE** and **ORDERED** in Tampa, Florida, on November 30, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record