UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONAL SOURCING, INC. and
PEDRO L. VALDEZ,

    Plaintiffs,

v.                                    Case No: 8:17-cv-1950-T-36JSS

STEPHEN R. BRACCIALE, ANGELUS
TAM, TEK SOURCE USA, INC., SAINT
ANTON CAPITAL, LLC, GREENBERG
TRAURIG, P.A., and WILLIAM L.
DUNKER, ESQ.,

    Defendants.
_____/

**ORDER**

THIS MATTER is before the Court on Plaintiffs' First Motion to Compel ("Motion") (Dkt. 101), and the responses by Defendants Stephen Bracciale and Saint Anton Capital (Dkts. 106, 108) and Angelus Tam and Tek Source USA, Inc. (Dkt. 111). Because the request for production at issue is overly broad, as set forth below, the Motion is denied.

In the Motion, Plaintiffs contend that no defendant has served responses or produced documents responsive to a single request for production served on January 5, 2018, seeking all emails sent or received by any email account ending in "nationalsourcing.com" from June 1, 2010 to the present ("Request for Production"). (Dkt. 101.) In response, Defendants do not explain their failure to serve responses but instead point the Court to their argument that discovery should be stayed until the Court rules on Defendants' motions to dismiss. (Dkts. 108, 106, 111 at 2, n.1.)

Defendants' deadline to respond to the Request for Production was February 5, 2018. Fed. R. Civ. P. 34(b)(2)(A), 6(a)(1)(C). "[I]f a party fails to respond in writing within thirty days of being served with a request for production of documents, it is appropriate for the court to find that

the party's objections are waived, unless the court finds good cause and excuses that failure." *Bailey v. City of Daytona Beach Shores*, 286 F.R.D. 625, 627 (M.D. Fla. 2012) (quotations omitted); M.D. Fla. Discovery (2015) § III(A)(6) ("Absent compelling circumstances, failure to assert an objection to a request for production within the time allowed for responding constitutes a waiver and will preclude a party from asserting the objection in response to a motion to compel."). Rather than showing good cause or compelling circumstances to explain not responding to the Request for Production, Defendants contend that they should not be required to engage in discovery until the Court rules on their motions to dismiss, despite having not moved to stay discovery until March 29, 2018, almost two months after their responses to the Request for Production were due. Accordingly, the Court finds that Defendants have waived any objections to the Request for Production. *Carvalho v. Hospman, LLC*, No. 2:17-CV-362-FTM-99CM, 2018 WL 905746, at *1 (M.D. Fla. Feb. 15, 2018); *Bailey*, 286 F.R.D. at 628; *Morock v. Chautauqua Airlines, Inc.*, No. 807CV210T17MAP, 2007 WL 4247767, at *1 (M.D. Fla. Dec. 3, 2007).

Nonetheless, the Court must still consider whether the Request for Production is within the scope of discovery set forth in Federal Rule of Civil Procedure 26(b)(1): "relevant to any party's claim or defense and proportional to the needs of the case." *Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-CV-69-ORL-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) ("Even if a party has waived its objections . . . the court may still deny a motion to compel when the discovery request exceeds the bounds of fair discovery."). Requesting "all emails" sent from or received by an email ending in "nationalsourcing.com" is "patently overbroad," *Steel v. NCC Recovery, Inc.*, No. 8:13-CV-559-T-33EAJ, 2013 WL 12170585, at *2 (M.D. Fla. Aug. 22, 2013), as Plaintiffs made no attempt to tailor this request to the claims and defenses in this case. Fed. R. Civ. P. 26(b)(1); M.D. Fla. Discovery (2015) § III(A)(1) (stating that request for documents should

be "reasonably particularized" and that requests for "each and every document supporting your claim" or "the documents you believe support Count I" are "objectionably broad in most cases"); *cf. Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 (11th Cir. 1997) ("Filtering out overly burdensome discovery requests . . . saves significant costs to the parties, the court, and other litigants . . . [and] will result in more equitable and more efficient discovery management and will discourage further abuse."). Accordingly, it is **ORDERED** that Plaintiffs' First Motion to Compel (Dkt. 101) is **DENIED**.

      **DONE** and **ORDERED** in Tampa, Florida, on May 10, 2018.

                                        JULIE S. SNEED
                                 UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record