UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONAL SOURCING, INC. and
PEDRO L. VALDEZ,

    Plaintiffs,

v.                                                    Case No: 8:17-cv-1950-T-36JSS

STEPHEN R. BRACCIALE, ANGELUS
TAM, TEK SOURCE USA, INC., SAINT
ANTON CAPITAL, LLC, GREENBERG
TRAURIG, P.A. and WILLIAM L.
DUNKER, ESQ.,

    Defendants.
_____/

# **O R D E R**

This matter comes before the Court upon Defendant Greenberg Traurig, P.A.'s Motion for Partial Reconsideration of its Motion to Dismiss (Doc. 174) (the "Motion"), Plaintiff's response in opposition (Doc. 179) and Defendant's reply (Doc. 189). In the Motion, Defendant contends that the Court should dismiss National Sourcing, Inc.'s breach of fiduciary duty claim against it in its entirety, as there is no longer any basis to apply the continuing tort doctrine. The Court, having considered the motion and being fully advised in the premises, will grant Defendant Greenberg Traurig, P.A.'s Motion for Partial Reconsideration of its Motion to Dismiss.

    **I.**    **Factual and Procedural Background**

On September 7, 2018, this Court entered an order granting-in-part Greenberg Traurig and William L. Dunker's Motion to Dismiss Plaintiff's Second Amended Complaint (the "Motion to Dismiss"). Doc. 170. In that Order, the Court found that "Greenberg's sole act occurring within the limitations period is an e-mail from Greenberg's attorney Richard Moorhouse on October 21, 2014, about National Sourcing Inc.'s ability to maintain government contracts back in 2010 and

2011." *Id*. at 10. The Court dismissed the breach of fiduciary duty allegations against Greenberg that were based on this email. *Id*. at 16 ("Paragraphs 95-97 and 112 of Count III are DISMISSED"). The remaining allegations of Greenberg's tortious conduct which form the basis of Plaintiffs' breach of fiduciary claim took place from 2010 to 2013. *See* Doc. 71 at ¶¶ 34-36, 40, 41, 53, 55, 58-60, 65, 60, 73-74, 136, 138. Although these acts occurred outside of the limitations period, the Court permitted the breach of fiduciary duty claim to proceed because the "continuing tort doctrine may apply." Doc. 170 at 10. The breach of fiduciary duty claim ultimately alleges that Greenberg breached its duty by "deliberately constructing, amending, and backdating instruments that allowed Bracciale and Tam to exercise unlawful control over [National Sourcing, Inc. ("NSI")] and unlawfully divert monies from NSI, to [the] detriment of NSI." Doc. 71 at ¶ 138.

## II. Legal Standard

Motions for reconsideration filed within 28 days of the Court's order are governed by Rule 59(e), Fed. R. Civ. P., and are appropriate only where there is newly-discovered evidence, or a need to correct a manifest error of law or fact. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact.") (brackets in original).

"A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Florida Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc*., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (quoting *Cover v. Wal-Mart Stores, Inc*., 148 F.R.D. 294, 295 (M.D. Fla. 1993)). Courts generally recognize three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Id*.

A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented prior to the entry of judgment. *See Arthur*, 500 F.3d at 1343-44; *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992); *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd* 87 F.3d 1242 (11th Cir. 1996) ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time."). Whether to grant a motion for reconsideration is "committed to the sound discretion of the district court." *O'Neal*, 958 F.2d at 1047.

**III.     Discussion**

In this case, Greenberg essentially argues that the Court made a manifest error in law because the Court's Order found that the only allegedly tortious act that occurred within the time limitations did not state a claim as a matter of law. Thus, it argues, the Court cannot also find that the remaining acts, all of which occurred outside the limitations period, can proceed under the continuing tort doctrine. Ultimately, Greenberg reiterates its argument in the Motion to Dismiss that the breach of fiduciary duty claim against Greenberg is time barred with no applicable exceptions.

Plaintiffs argue that the allegations in the Second Amended Complaint, even without the October 21, 2014 email, are sufficient to survive dismissal because they support application of the continuing tort doctrine. Specifically, the Second Amended Complaint alleges that:

> According to its records, NSI paid Greenberg for its services through November 2014, but Greenberg's participation in the scheme has materially *continued to this day*. Greenberg now represents Bracciale, Tam, Tek Source, and Saint Anton adverse to NSI, and is still providing advice, counsel, and representation to them in an effort to improperly restore control and ownership of NSI

3

>   to Bracciale, knowing that Bracciale has no lawful basis for same. All indications are that Greenberg continues to assert the unconscionable instruments and arrangements in a hurried effort to further conceal the details of the scheme.

Doc. 71 at ¶ 110 (emphasis added).

Although Greenberg argues that the Second Amended Complaint does not allege continuing torts, reading the allegations in the light most favorable to Plaintiffs, this paragraph infers continuous tortious conduct *through* 2017, thereby making it plausible for Plaintiffs to assert the continuing tort doctrine as a basis to toll the statute of limitations.

But in their response to this Motion, Plaintiffs argue that the continuing tortious act upon which they rely was Greenberg's representation of Tam, Tek Source, and Saint Anton in this case and the related state court action. *See* Doc. 179 at 3. They contend that the representation was adverse to NSI and included drafting documents to assist Bracciale in taking back control of NSI. Although they offer to "describe Greenberg's conduct in 2017 with more specificity," *id*., what Plaintiffs have now clarified is that they are not relying on conduct which occurred *between* 2013 and 2017. Instead, they are relying on discrete and separate acts in 2013 and in 2017. This is not sufficient to support application of the continuing tort doctrine.[1]

The Court did not solely rely upon Greenberg's separate tortious acts in 2017 to permit the claim to proceed.[2] But instead, the Court construed the factual allegations, in the light most favorable to Plaintiffs as it must on a motion to dismiss, as claiming continuous conduct from 2013

---

[1] Plaintiffs' reliance on vague references to "acts of concealment" between 2013 and 2017 are insufficient to establish a continuous tortious act. Doc. 179 at 3. These acts are more akin to the ill effects of the alleged tortious acts which ended in 2013.

[2] Plaintiffs also argue that Greenberg's representation of a party adverse to a former client in 2017 is another basis for Greenberg's breach of fiduciary duty to NSI. Doc. 179 at 2. *See also* Doc. 71 at ¶ 138 (alleging breach of duty based on Greenberg's transactional work for Bracciale and representation of Bracciale, Tam, Tek Source, and Saint Anton Capital in perpetuation of its transactional work).

4

*through* 2017. *See* Doc. 170 at 7. Admittedly, Plaintiffs' entitlement to the application of the continuing tort doctrine on these facts was tenuous given the vagueness of the allegations regarding the conduct between 2013 and 2017. But Florida case law is clear on this point: whether the continuing tort doctrine applies to a particular set of circumstances is generally a question for the trier of fact and cannot be decided on a motion to dismiss. *Pearson v. Ford Motor Co.*, 694 So. 2d 61, 67–68 (Fla. 1st DCA 1997).

Under Plaintiffs' theory of liability against Greenberg which relies on discrete acts beginning in 2017, there is no basis for application of the continuing tort doctrine to the breach of fiduciary duty claim against it. *See Estate of Scutieri v. Chambers*, 08-22962-CIV, 2009 WL 10668602, at *9 (S.D. Fla. June 12, 2009), *aff'd*, 386 Fed. Appx. 951 (11th Cir. 2010) (emphasizing that the defendants' failure to disclose was a one-time occurrence which created ongoing ill consequences as opposed to a continuous tort which would toll the statute of limitation). *See also Pinto v. City of Hollywood*, 14-62719, 2015 WL 3744486, at *5 (S.D. Fla. June 15, 2015) (finding vague allegation that the defendant "farmed out the case," the only post-limitation act in a Section 1983 claim, insufficient to support application of the continuous tort doctrine); *Edwards v. Florida Dept. of Children & Families*, 8:08-CV-2563T-27TGW, 2009 WL 1686639, at *4 (M.D. Fla. June 16, 2009) ("To the extent Edwards relies on a 'continuing tort' theory, it is not clear from the complaint when his claims accrued or what the continuing tortious actions were.").

In a very recent case out of Florida's Third District Court of Appeal, the court clarified that

> Appellants have not alleged a continuing tort, but instead *a series of discrete acts of varying kinds*. As noted above, each act constituted a separate, cognizable injury to Appellants that Appellants could have sued on at the time each incident occurred. The fact that multiple discrete acts occurred over a period of time does not convert those acts into a continuing tort under Florida law. ... The continuing tort doctrine therefore does not apply to Appellants' claims, and their claims ... are untimely.

5

*Chakra 5, Inc. v. City of Miami Beach,* 43 Fla. L. Weekly D1922 at *6 (Fla. 3d DCA Aug. 22, 2018) (emphasis added). *See also Sylk v. Rosenberg*, 754 So. 2d 836, 837 (Fla. 3d DCA 2000) ("We reject Sylk's argument as to the 'continuing tort' doctrine as the record clearly shows that the alleged abuse was not continuous at all, having ceased when Rosenberg moved and having resumed only when Sylk as an adult moved to Florida."). These cases support the principle that when the allegations show a gap between discrete tortious acts, even if they are similar or related to the previous act, the continuing tort doctrine will not toll the statute of limitations.

### IV. Conclusion

Although Greenberg has not raised a new factual assertion, nor demonstrated a manifest error of law or fact, Plaintiffs' response to the Motion has unequivocally clarified that their theory of Greenberg's breach of fiduciary duty relies on discrete acts that began in 2010, ended in 2013 and began again in 2017, and not continuous conduct from 2013 *through* 2017. Thus, the Court cannot read the vague allegations as establishing continuous tortious acts as it did in the previous Order.

In limited circumstances, this Court has granted reconsideration to review a discrete issue not sufficiently briefed by the parties in the underlying motions. *See, e.g., Lock v. City of W. Melbourne, Florida*, 612CV680ORL36TBS, 2014 WL 12693740, at *2 (M.D. Fla. May 28, 2014) (Honeywell, J.) (granting reconsideration in an abundance of caution after the plaintiff requested reconsideration on a discrete issue addressed in the Court's order granting defendant's summary judgment). The circumstances here justify reconsideration. Thus, the Motion will be granted, and the breach of fiduciary duty claim against Greenberg will be dismissed in its entirety.

**Accordingly, it is ORDERED**:

1. Defendant Greenberg Traurig, P.A.'s Motion for Partial Reconsideration of its Motion to Dismiss (Doc. 174) is **GRANTED**.

2. Count III of the Second Amended Complaint is **DISMISSED** against Greenberg Traurig.

**DONE AND ORDERED** in Tampa, Florida on November 26, 2018.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any